UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN LOTT,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN,<br><br>    Defendant. | Case No. 18-CV-05135-LHK<br><br>**ORDER DISMISSING AMENDED COMPLAINT AS MOOT**<br><br>Re: Dkt. No. 9 |

Plaintiff, a California state prisoner proceeding *pro se*, filed a federal civil rights complaint ("Original Complaint"). *See* Dkt. No. 1. The Court conducted a preliminary screening and dismissed the complaint with leave to amend. *See* Dkt. No. 8. In a separate order, the Court granted plaintiff's motion to proceed in forma pauperis. *See* Dkt. No. 7.

Plaintiff has filed an amended complaint ("FAC"). *See* Dkt. No. 9. For the reasons stated below, the FAC is **DIMISSED** as moot.

I. **LEGAL STANDARD**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

## II. ANALYSIS

On November 8, 2016, California voters approved The Public Safety and Rehabilitation Act of 2016 – Proposition ("Prop") 57 – and it took effect the next day. *People v. Marquez*, 11 Cal. App. 5th 816, 821 (Cal. App. 2017); Cal. Const., Art. II, § 10(a). Prop 57 added Article 1, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

In the Original Complaint, plaintiff alleged that he was convicted of a non-violent felony. Original Compl. at 3. As a three-striker, however, plaintiff's term of incarceration is 26-years to life with the possibility of parole. *Id.* When plaintiff filed his Original Complaint, plaintiff was not considered for early parole because the California Department of Corrections and Rehabilitation ("CDCR") refused to consider inmates' eligibility for parole, even where the inmate was convicted of a non-violent felony, if the inmate was "currently incarcerated for a term of life with the possibility of parole for an offense that is not a violent felony" ("Regulation"). Cal. Code Regs., tit. 15, § 3491(b)(1) (2018).

Plaintiff alleged the Regulation violated his rights under Article I, Section 32 of the California Constitution. *See id.* The Court noted that a claim under Section 1983 may be sustained only if a plaintiff claims the defendants have violated the United States Constitution or federal law, and dismissed the Original Complaint with leave to amend. *See* Dkt. No. 8. In addition, the Court noted for plaintiff's benefit that a California court had recently voided the

2

applicable Regulation, and suggested plaintiff may be eligible for relief in state court. *See id.* (discussing *In re Edwards*, 26 Cal. App. 5th 1181, 1192 (Cal. App. Sept. 7, 2018) ("*Edwards*"). Plaintiff timely filed the FAC in November 2018. *See generally*, FAC. He argued that the Regulation violated his rights both under the California Constitution and under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See id.*

On January 1, 2019, in light of *Edwards*, CDCR enacted emergency regulations "'to allow inmates who are incarcerated for a term of life with the possibility of parole for nonviolent offenses to be eligible for parole consideration.'" *Hughey v. Kernan*, No. 18-cv-00313-WQH-BGS, 2019 WL 329535, at *5 (S.D. Cal. Jan. 24, 2019) (quoting 1-Z Cal. Regulatory Notice Reg. 43 (Jan. 4, 2019) (https://oal.ca.gov/wp-content/uploads/sites/166/2019/01/1z-2019.pdf). The emergency regulations amended the Regulation. The relevant section now states that "an indeterminately-sentenced nonviolent offender . . . may be eligible for parole consideration." Cal. Code Regs. tit. 15, § 3491(b)(1) (2019). A review of the record reveals that plaintiff is "an indeterminately-sentenced nonviolent offender." *See* Exs. to Original Compl. (stating plaintiff "was sentenced . . . for an indeterminate term"). Accordingly, under the amended regulations plaintiff is no longer barred from eligibility for early parole.

Because plaintiff is no longer barred from eligibility, plaintiff's claim is moot. *See Pugh v. Kernan*, No. 18-CV-06497-CRB (PR), 2019 WL 651700, at *2 (N.D. Cal. Feb. 15, 2019) (dismissing the same claim as moot); *see also All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1031 (9th Cir. 2018) ("A claim is moot if it 'has lost its character as a live controversy.'").

### III. CONCLUSION

For the foregoing reasons, plaintiff's action is dismissed as moot.

**IT IS SO ORDERED.**

Dated: 3/20/2019

LUCY H. KOH
United States District Judge

Case No. 18-CV-05135-LHK
ORDER

3